IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KATHERINE NEWTON, :
:
    Plaintiff, : CIVIL ACTION NO. 17-3133
:
v. :
:
COMMISSIONER OF SOCIAL SECURITY, :
:
    Defendant. :

## ORDER

**AND NOW**, this 21st day of May, 2019, after considering the complaint (Doc. No. 1), the answer (Doc. No. 4), the administrative record (Doc. No. 7), the plaintiff's brief in support of her request for review (Doc. No. 8), the defendant's response to the request for review (Doc. No. 9), and the report and recommendation filed by United States Magistrate Judge Henry S. Perkin (Doc. No. 11); and no party having filed objections to the report and recommendation; accordingly, it is hereby **ORDERED** as follows:

1. The clerk of court shall **REMOVE** this matter from civil suspense and **RETURN** it to the court's active docket;

2. The report and recommendation (Doc. No. 11) is **APPROVED** and **ADOPTED**;[1]

3. The plaintiff's request for review is **GRANTED IN PART** and **DENIED IN PART** as described below;

---

[1] Since neither party filed objections to Magistrate Judge Perkin's report and recommendation, the court need not review the report before adopting it. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). Nonetheless, "the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Id.* As such, the court will review the report for plain error. *See Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, . . . this Court will review [the magistrate judge's] Report and Recommendation for clear error." (internal quotation marks omitted)). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court has reviewed Magistrate Judge Perkin's report for plain error and has found none.

4. The case is **REMANDED** to the Commissioner pursuant to 42 U.S.C. § 405(g) for an explicit consideration of whether the plaintiff's mild limitations affect her residual functional capacity and for additional testimony incorporating those mild limitations into the hypotheticals presented to the vocational expert, as described more fully in the report and recommendation;

5. In all other requests, the plaintiff's request for relief is **DENIED**; and

6. The clerk of court shall **CLOSE** this case.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.